Sealed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-20339-CR-GAYLES

```
FILED by _JAO_ D.C.

OCT 1 2 2018

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI
```

UNITED STATES OF AMERICA

v.                                                  **FILED UNDER SEAL**

MATTHEW PISONI et al.
_____/

**Government's Motion for**
**(1) In Camera Review of Select OPR Records, (2) Entry of an Order Authorizing the**
**Government to Disclose Redacted Copies of the Select OPR Records Pursuant to the**
**Privacy Act, (3) Entry of a Protective Order, and (4) Modification of the Briefing**
**Schedule to Accommodate the Review of the OPR Records by the Court and the Defense**

The United States of America hereby requests that this Court conduct an in camera, ex

parte review of the following twelve (12) records of the Department of Justice's Office of

Professional Responsibility (OPR) to determine whether those records can be disclosed to

defendants Pisoni, Pradel, and Ramirez, subject to a protective order limiting dissemination, and

after the redaction of irrelevant and privileged material:

1. Transcript of OPR's Interview of Bryan Masmela (December 6, 2017)

2. Transcript of OPR's Interview of Geoffrey Burnham (December 6, 2017)

3. Transcript of OPR's Interview of Elijah Levitt (December 7, 2017)

4. OPR's Memorandum of Interview of Omar Johansson (January 11 and 12, 2018)

5. Transcript of OPR's Interview of John Leon (January 12, 2018)

6. Elijah Levitt's April 3, 2017, response to OPR's February 24, 2017, letter

7. Elijah Levitt's January 12, 2018, supplemental response to OPR's February 24, 2017, letter

8. H. Ron Davidson's May 1, 2017, response to OPR's February 24, 2017, letter

1

9.  H. Ron Davidson's August 31, 2017, supplemental response to OPR's February 24, 2017, letter

10. April 6, 2017, 3:43pm, email from Elijah Levitt to Suzanne Drouet (OPR)

11. December 7, 2017, 3:16pm, email from Elijah Levitt to Stuart Platt (OPR) and Suzanne Drouet (OPR), with attachment

12. December 8, 2017, 3:36pm, email from Suzanne Drouet (OPR) to Elijah Levitt with cc: to Stuart Platt (OPR), with incorporated email communications commencing on December 7, 2017, at 3:06pm

The above-listed records contain the accounts regarding John Leon's cooperation with the government and the government's receipt of information from Leon that OPR obtained from the witnesses with direct personal knowledge of the government's interactions with Leon.  The government has previously informed the defense that it would be willing to voluntarily disclose these OPR records in redacted form to defendants Pisoni, Ramirez, and Pradel—both to ensure transparency and out of an abundance of caution to ensure compliance with governmental disclosure obligations, not because of any legal obligation to produce them[1]—but for the fact that the records are protected from disclosure by the Privacy Act.

In order to facilitate the disclosure of information to the defense and to potentially reduce the discovery issues for this Court to address, the government is requesting that the Court conduct an ex parte and in camera review of the OPR records listed above to determine whether the government may disclose them, in redacted form and subject to a confidentiality order, to the

---

[1]  Indeed, the government maintains that the defendants are not entitled to compel production of these or any of the other documents that they seek though their Motion for Discovery in Support of Motion for New Trial and Then for Evidentiary Hearing.  In its future response to the defendants' motion, the government will address why the defendants are not entitled to the discovery they seek to compel in their motion.  For purposes of the instant motion, however, the government has not addressed the issue of compelled discovery because the government is simply seeking the Court's review to determine whether the government can make a *voluntary* disclosure of records covered by the Privacy Act.

defendants' counsel.

<u>The Privacy Act</u>

The Privacy Act regulates the collection, maintenance, use, and dissemination of an individual's personal information by federal government agencies. *See generally* 5 U.S.C. § 552a. Each federal agency that maintains records in a system of records must adhere to the requirements set forth by the Act.[2]  *Id.* § 552a(e). Agencies are generally prohibited from disclosing any information contained in their records without prior written consent from the individuals about whom the information pertains. *Id.* § 552a(b).

In accordance with the Privacy Act, OPR has published in the Federal Register a description of the system of records maintained by OPR to provide for the resolution of allegations of misconduct made against DOJ employees and to advise complainants of the status of investigations and the results. *See* Privacy Act of 1974; System of Records, A Notice by the Justice Department, Oct. 27, 2011, 76 FR 66752. As set forth in the description, the "Office of Professional Responsibility Record Index," (JUSTICE/OPR-001) covers, *inter alia*, records regarding DOJ employees who are the subjects of complaints directed to, or inquiries or investigations conducted by OPR, as well as witnesses and other individuals referenced in cases or matters of concern to OPR. *Id.*

---

[2]  An "agency" is defined as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government ..., or any independent regulatory agency." *Id.* §§ 552a(a)(1), 552(f)(1). A "record" is "any item, collection, or grouping of information about an individual that is maintained by an agency," and a "system of records" is "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." *Id.* § 552a(a)(4)-(5).

The records and information now at issue were collected and are maintained by OPR in its Office of Professional Responsibility Index, a "system of records" as defined by the Privacy Act. As such, the government's disclosure of the information without the consent of the individuals whose information would be disclosed may violate the Privacy Act.  These individuals include not only the Assistant U.S. Attorneys who are the subjects of the OPR investigation, but also the witnesses and other individuals referenced in the records, since the system of records as defined by OPR covers such individuals as well.

The government was previously advised that one of the individuals involved, former AUSA and now-Judge Elijah Levitt, had waived, in part and subject to certain conditions, his privacy interests in at least some of the subject materials.  Judge Levitt has now additionally provided written consent to the government to disclose the twelve records that are the subject of this motion to the defendants, provided that those records are subject to a protective order prohibiting their further dissemination.  The government has also obtained written consent from U.S. Postal Inspector Bryan Masmela to disclose the twelve OPR records enumerated in this motion.  Additionally, IRS Special Agent Geoffrey Burnham has provided written consent for the government to disclose Item 2 (OPR's interview of him), *see supra* at 1, to the defense, and AUSA Davidson has provided written consent for the government to disclose Items 8 and 9 (the two statements authored by him), *see supra* at 1-2, to the defendants, provided that those records are redacted as proposed by the government and are subject to a protective order prohibiting their further dissemination.[3]  The government, however, has not been informed of any other waivers

---

[3]  With respect to Items 1-7 and 10-12, which he has not seen, AUSA Davidson has further informed the government that he will defer to the Court's judgment as to whether disclosure of any or all of those records, in redacted form and subject to a protective order, should be ordered

by any of the other individuals whose information is involved and has not received statutorily-contemplated written consents to disclose the OPR materials from any other individual.[4]  Indeed, neither defendant John Leon nor his counsel, Omar Guerra Johansson, have responded to government inquiries directed to Johannson about whether they would consent to the proposed disclosure of OPR records.  Moreover, because the OPR records cannot be segregated in such a manner that information pertaining to one individual can be disclosed without compromising the privacy rights of the other individuals involved, and because the disclosure of information at issue in this case does not clearly qualify under one of the exceptions to the Privacy Act (*see* 5 U.S.C. § 552a(b)(1)-(12)), the government has objected to the defendants' requests for the voluntary disclosure of OPR records in their entirety.[5]

The Privacy Act restrictions on disclosure that have led to the government's filing of the instant motion are not eliminated by the case upon which defendants have relied in their Motion for Discovery in Support of Motion for New Trial and Then for Evidentiary Hearing, that is, the Eleventh Circuit's decision in *U.S. v. Ignasiak*, 667 F.3d 1217 (11th Cir. 2012).  That case, which dealt with public accessibility to information filed with a district court as part of the court's substantive criminal proceedings – not with the disclosability of information about an individual

---

under 5 U.S.C. § 552a(b)(11).

[4]  The individuals whose information is involved, *see generally* 5 U.S.C. § 552a include Judge Elijah Levitt, AUSA H. Ron Davidson, IRS Special Agent Geoffrey Burnham, U.S. Postal Inspector Bryan Masmela, defendant John Leon, attorney Omar Guerra Johansson, defendant Pisoni, defendant Ramirez, defendant Pradel, and the various witnesses and U.S. Attorney's Office personnel identified and discussed in the OPR records.

[5]  The government has, however, disclosed to the defendants information arising from the OPR investigation that the government concluded was necessary to disclose because it might be subject to disclosure pursuant to *Brady*, *Giglio*, or other governmental disclosure obligations. *See, e.g.*, Joint Motion for New Trial, Exs. 1 & 2.

maintained by a government agency – is inapposite to the Privacy Act issue involved in this case. In *Ignasiak*, the government, through its filing of a post-conviction sealed notice, introduced information concerning a witness's prior criminal conduct into the court record, advocating that its failure to disclose that information earlier was not a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972). The Eleventh Circuit subsequently reversed an order denying a motion to unseal that filed notice, pointing to the presumption of "openness in all legal proceedings" and concluding that the witness's privacy interest was outweighed by "the interest of the public in accessing the information" – impeachment evidence concerning the government's "key witness" at trial – filed in the legal proceeding. 667 F.3d at 1237-39 (citing *Romero v. Drummond Co. Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007)).

The OPR records at issue in this motion, by contrast, have not been made part of the legal proceedings before this Court. They are comprised of information in the files of OPR relative to the administrative investigation into allegations of employee misconduct. As such, *Ignasiak*'s concerns with the openness of legal proceedings and the public's access to the information in court proceedings are simply not implicated.

Notwithstanding the foregoing, the Privacy Act permits an agency's disclosure of information without a subject's consent "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11). "Requests for court orders under § 552a(b)(11) should be evaluated by balancing the need for the disclosure against the potential harm to the subject of the disclosure." *Perry v. State Farm Fire & Casualty Co.*, 734 F.2d 1441 (11th Cir. 1984).

The individuals whose information is contained in OPR's records, especially those employees whose conduct is being investigated by OPR, have a statutorily recognized and

protected privacy interest in those records.  At the same time, the portions of those OPR records that contain factual accounts about John Leon's cooperation with the government by witnesses with direct personal knowledge of the government's interactions with Leon have relevance to the issues that have been raised in the current post-trial proceedings before this Court.  Under the circumstances presented in this case, therefore, the government believes that the interest in the disclosure of those particular factual portions of the twelve OPR records listed above (with appropriate redactions for irrelevant and privileged information) outweighs the privacy interests of those individuals in the information that would be disclosed, especially if that information is further protected from dissemination by a protective order requiring that the information be kept confidential.

Relief Requested

The government accordingly asks this Court for permission to submit the twelve enumerated OPR records to the Court for an ex parte, in camera review, along with a duplicate copy of those records showing the government's proposed redactions.  If, upon its subsequent in camera, ex parte review of those OPR records, the Court finds that the government's interest in disclosing the enumerated OPR records and the defendant's need for the information in those records outweigh the potential harm to the individuals who have a privacy interest in the information, the government requests that the Court enter an order: (1) authorizing the government to disclose the enumerated OPR records to counsel for defendants Pisoni, Pradel, and Ramirez; and (2) authorizing the redaction of the records prior to their disclosure in order to eliminate irrelevant information and opinions and information protected by privilege and work product protections, as identified by the government in its ex parte, in camera submissions.  In addition,

if disclosure is authorized, the government requests the entry of a protective order requiring defendants Pisoni, Pradel, and Ramirez, their counsel, and their defense teams to refrain from further disseminating or otherwise disclosing the content of the disclosed OPR records without a prior order from the Court authorizing such dissemination or disclosure.

The government additionally requests that the Court modify the briefing schedule in this post-trial matter.   After receipt and careful review of the defendants' motions for new trial and for discovery, and due to the complications resulting from the Privacy Act's application to OPR records, the government determined that the present filing of this motion is the appropriate means to address the unusual situation that exists in this case.   The government acknowledges, however, that the timing of this motion and the anticipated disclosure of OPR records has precluded the defendants from addressing and utilizing the records in their motions for new trial and for discovery.   To avoid the situation where the defendants will receive these materials only after it is too late to use them, the government has no objection to modifying the briefing schedule to allow the defendants a fair opportunity to file amended motions for new trial and for discovery, should they choose to do so, after having received and reviewed the OPR materials that are the subject of this motion.   To this end, the government asks this Court to allow the defendants an opportunity to file amended motions for new trial and for discovery and to reset the government's response date to thirty days after the due date for the defendants' filing of any amended motions.

The undersigned have consulted with counsel for the defendants, and they have no objection to the Court's in camera, ex parte review of the enumerated OPR records; the Court's entry of an order authorizing the government to disclose the enumerated OPR records to counsel for defendants Pisoni, Pradel, and Ramirez; the entry of a protective order requiring defendants

Pisoni, Pradel, and Ramirez, their counsel, and their defense teams to refrain from further disseminating or otherwise disclosing the content of the disclosed OPR records without a prior order from the Court authorizing such dissemination or disclosure; and the Court's adoption of a revised briefing schedule that grants the defendants an opportunity to file amended motions for new trial and for discovery and resets the government's response date to thirty days after the due date for the defendants' filing of any amended motions.   Although the defense agrees to the entry of an order authorizing disclosure of the materials with the government's proposed redactions, the defense has not seen the proposed redactions so it reserves the right to request that the government provide to the defense a log of the redactions, noting privilege or other reason why the item was not disclosed.   The defense also reserves the right to request the disclosures without redactions and all of the other reports and materials as requested in the defense's motion for discovery.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:   _____

Edward N. Stamm
Assistant United States Attorney
Florida Bar No. 373826
Tel: 305-961-9164; Fax: 305-536-4675
E-mail: edward.stamm@usdoj.gov

_____

Eduardo I. Sánchez
Assistant United States Attorney
Florida Bar No. 877875
Tel: 305-961-9057; Fax: 305-536-4675
E-mail: eduardo.i.sanchez@usdoj.gov

U.S. Attorney's Office - SDFL
99 Northeast Fourth Street, 8th Floor
Miami, Florida 33132-2111

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of October, 2018, a true and correct copy of the foregoing *Government's Motion for (1) In Camera Review of Select OPR Records, (2) Entry of an Order Authorizing the Government to Disclose Redacted Copies of the Select OPR Records Pursuant to the Privacy Act, (3) Entry of a Protective Order, and (4) Modification of the Briefing Schedule to Accommodate the Review of the OPR Records by the Court and the Defense* was served by email on counsel on the attached service list.

By:   _____

Edward N. Stamm
Assistant United States Attorney

10

## SERVICE LIST

David Oscar Markus, Esq.
Markus/Moss PLLC
40 N.W Third Street, Penthouse 1
Miami, FL 33128
Tel: 305-379-6667; Fax: 305-379-6668
Email: dmarkus@markuslaw.com

Attorney for Defendant Matthew Pisoni

_____

Jennifer E. Daley, Esq.
Amlong & Amlong
500 NE 4th Street, 2nd Floor
Fort Lauderdale, FL 33301-1154
Tel: 954-462-1983; Fax: 954-523-3192
Email: jdaley@theamlongfirm.com

Attorney for Defendant Marcus Pradel

_____

Richard C. Klugh , Jr., Esq.
Richard C. Klugh, P.A.
25 SE 2nd Avenue, Suite 1100
Miami, FL 33131
Tel: 305-536-1191; Fax: 305-536-2170
Email: rickklu@aol.com

Attorney for Defendant Victor Ramirez

_____

Omar F. Guerra Johansson, Esq.
Omar F. Guerra Johansson, P.A.
1210 Stirling Road, PH 5A
Ft. Lauderdale, FL 33004
Tel: 954-745-7517; Fax: 954-337-2933
Email: omar@LauderdaleCriminalLawyer.com

Attorney for Defendant John Leon

Edward N. Stamm, Assistant U.S. Attorney
Tel: 305-961-9164; Fax: 305-536-4675
E-mail: edward.stamm@usdoj.gov

Eduardo I. Sánchez, Assistant U.S. Attorney
Tel: 305-961-9057; Fax: 305-536-4676
Email: eduardo.i.sanchez@usdoj.gov

U.S. Attorney's Office - SDFL
99 Northeast Fourth Street, 8th Floor
Miami, Florida 33132-2111

Attorneys for the United States of America

_____

David Schertler, Esq.
Schertler & Onorato, LLP
901 New York Avenue, N.W., Suite 500
Washington, DC   20001
Tel: 202-628-4155; Fax: 202-628-4177
Email: dschertler@schertlerlaw.com

Attorney for AUSA H. Ron Davidson

_____

Robert C. Josefsberg, Esq.
Podhurst Orseck, P.A.
One SE Third Avenue, Suite 2300
Miami, FL 33131
Tel: 305-358-2800; Fax: 305-358-2382
Email: rjosefsberg@podhurst.com

Attorney for Hon. Elijah Levitt