UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-20339-CR-GAYLES/McAliley

UNITED STATES OF AMERICA

v.

MATTHEW PISONI et al.
_____/

**Government's Second Supplemental Motion for In Camera Review of Select OPR Records and Authorization to Disclose Select OPR Records Pursuant to the Privacy Act**

The United States requests that this Court conduct a second supplemental in camera, ex parte review of certain materials (emails contained within three specified electronic file folders) that were included on a digital disk (CD) that was originally attached to one of the twelve records of the Department of Justice's Office of Professional Responsibility (OPR) that were the subject of both the government's initial Motion for In Camera Review (DE: 597) and this Court's corresponding Order Requiring Disclosure of OPR Materials and Setting Briefing Schedule ("Order Requiring Disclosure") (DE: 620).  The United States is requesting this second supplemental review to allow it to voluntarily produce to the defense, subject to the Protective Order already in place, these specifically identified, Privacy-Act protected email file folders that were found on the CD attachment.

The item to which the CD at issue was attached is Elijah Levitt's April 3, 2017, response to OPR's February 24, 2017, letter, identified as Item 6 in the government's original Motion for In Camera Review.  Included on that CD attachment are three electronic folders containing emails that were identified in Item 6 as attachments and that counsel for Pisoni has requested that the

1

government provide to the defense.[1]  (DE 647 at 7).  The emails requested were between the prosecutors at that time and the defense attorneys at that time.  These emails generally were communications to the prior counsel for Pisoni, Pradel, and/or Ramirez, but there was one email exchange that involved communication between only counsel for John Leon and prosecutors.

The government has reviewed the emails contained within the three electronic folders on the CD attachment to Item 6, that is, the emails requested by the defense, and has determined that it would be appropriate to turn over those emails to the defense.  However, since the emails collected by OPR and contained within OPR's records are covered by the Privacy Act, and since their production to the defense is not required by law, the government seeks an order from this Court authorizing their disclosure to the defense.  To facilitate this Court's review of this request, the government is additionally asking for permission to submit the emails at issue to the Court for ex parte in camera review.

In making this supplemental request, the government readopts and incorporates herein the factual and legal discussion and arguments contained in the original Motion for In Camera Review that was granted.  After reviewing the emails that are the subject of this motion, it appears that all of them should be, or at least once were, in the files of the defendants' predecessor counsel.  Indeed, the government notes that the specific emails that are the subject of this motion were originally created and exchanged between the government and the defense in furtherance of the

---

[1] Counsel for Pisoni has also requested the calendar that was included on the CD attached to Item 6 (DE 647 at 7), but the government is not seeking permission to voluntarily disclose that calendar in this motion.  Unlike the requested emails, the calendar Levitt attached to Item 6 was not shared with defense counsel and contains information that has nothing to do with the instant case and that is not in any way subject to discovery or disclosure in this case.

litigation of the instant case. Granting this requested disclosure will thus allow current defense counsel to have convenient access to the emails without searching prior counsels' files, and will present them in the fashion in which they were addressed in previously-disclosed Item 6, simplifying these proceedings moving forward. Accordingly, to continue the voluntary disclosure of information to the defense and to try to reduce the discovery issues for this Court to address, the government is requesting that the Court conduct an ex parte and in camera review of the emails referenced above to determine whether the government may disclose them to defendants' counsel, subject to the existing Protective Order.

The undersigned have consulted with counsel for defendants Pisoni, Pradel, and Ramirez, and they have no objection to the Court's in camera, ex parte supplemental review of the above-described emails that were submitted to OPR and the Court's entry of an order authorizing the government to disclose them to counsel for defendants Pisoni, Pradel, and Ramirez subject to the terms of the Protective Order currently in place. Although the defense agrees to the entry of an order authorizing this additional disclosure, they also reserve and maintain all of the requests made in their pending Second Motion for Discovery, as well as their request for the calendar that was attached to Item 6.

Then-AUSA and now-Judge Elijah Levitt has given specific written consent to the government to disclose the emails that are the subject of this second supplemental motion. As he has with the prior two motions for disclosure, AUSA Davidson has informed the government that since he has not seen these records, he will defer to the Court's judgment as to whether disclosure of these emails, subject to the protective order, should be ordered under 5 U.S.C. § 552a(b)(11).

The government, by email, sought the position of defendant John Leon from his counsel,

Omar Guerra Johansson. Johansson responded with an email that stated the following: "Last I spoke to my client, he wishes to maintain all confidentiality and waive none of his rights. Mr. Leon objects. His position remains. Unless you hear otherwise from Mr. Leon, his position will persist."

**WHEREFORE,** for the reasons set forth above, the government respectfully requests that this Court grant the government the requested authority to disclose to the defendants the additional portions of the OPR records specified herein.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: *s/Edward N. Stamm*
Edward N. Stamm
Assistant United States Attorney
Florida Bar No. 373826
Tel: 305-961-9164
E-mail: edward.stamm@usdoj.gov

*Eduardo I. Sánchez*
Eduardo I. Sánchez
Assistant United States Attorney
Florida Bar No. 877875
Tel: 305-961-9057
E-mail: eduardo.i.sanchez@usdoj.gov

U.S. Attorney's Office - SDFL
99 Northeast Fourth Street, 8th Floor
Miami, Florida 33132-2111