UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>15-20339-CR-GAYLES</u>

UNITED STATES OF AMERICA

vs.

VICTOR RAMIREZ,

                Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Victor Ramirez (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count one (1) of the indictment, which count charges the defendant with conspiracy to commit mail fraud in violation of Title 18, United States Code, Section 1349.

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and

1

understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.  The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years, followed by a term of supervised release of up to three (3) years. In addition to a term of imprisonment and supervised release, the defendant may be ordered to pay a fine of $250,000, or twice the gross gain or loss from the offense. The defendant agrees to forfeiture, described in greater detail below, and agrees to pay restitution.

4.  The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5.  This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the

defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings

and conclusions as to the sentence to be imposed:

    a. <u>Loss</u>: That the relevant amount of actual, probable or intended loss under Section 2B1.1(b)(1)(k) of the Sentencing Guidelines resulting from the offense committed in this case is $11,000,000, resulting in a 20-point increase to the advisory guidelines range.

    b. <u>Victims</u>: The offense involved ten or more victims, resulting in a 2-point increase to the advisory guidelines range.

    c. <u>Sophisticated Means</u>: The offense involved the use of sophisticated means, resulting in a in a 2-point increase to the advisory guidelines range.

    d. <u>Role in the offense</u>: That the defendant should not receive any adjustment for role in the offense.

    e. <u>Offense Level</u>: That the applicable offense level of the offense committed by the defendant is Level 30.

    f. <u>Adjusted Offense Level with Acceptance of Responsibility</u>: Pursuant to the terms and conditions of this agreement, the applicable adjusted offense level for acceptance of responsibility for the offense committed by the defendant is Level 27.

    g. <u>2-Level Reduction for Zero-Point Offenders</u>: Pursuant to U.S.S.G. § 4C1.1, that the defendant qualifies for a further 2-level reduction as an offender with zero criminal history points. As such, the applicable adjusted offense level for the defendant is Level 25.

8.    The parties agree to jointly recommend that the Court, pursuant to 18 U.S.C. § 3553(a), should impose the following sentence:

  a. Probation for a term of three years;

  b. The defendant shall not be employed in any position that involves direct to consumer mail, lotteries, gambling, nor shall the defendant engage in self-employment unless expressly agreed to by the United States Attorney's Office and the United States Probation Office;

  c. 300-hours of community service; and

  d. Restitution.

9. The defendant understands and acknowledges that the Court is under no obligation to impose a sentence that is below the advisory guidelines range.

10. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph two above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

11. The defendant knowingly and voluntarily admits that the following personal property constitutes, or was derived from, proceeds traceable to the violation to which he agrees to plead guilty herein and is therefore subject to criminal forfeiture to the United States

5

pursuant to Title 18, United States Code, Section 981(a)(1)(C):[1]

(a)  NY Life Securities LLC policy numbers 57304108 and 58373544 held in the name of Victor Ramirez (collectively, the "Policies"), less $4,697.21 (US).[2]

(collectively, the "Personal Property").

12. The defendant knowingly and voluntarily agrees to waive his right to a hearing, pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), to determine the requisite nexus between the Personal Property and offense to which he agrees to plead guilty herein. Furthermore, the defendant knowingly and voluntarily agrees that he shall not, in any manner, act in opposition to the United States in seeking forfeiture of the Personal Property.

13. The defendant knowingly and voluntarily agrees to waive the following rights with respect to the forfeiture of the Personal Property:

(a)  All constitutional, legal, and equitable defenses to such forfeiture;

(b)  Any constitutional or statutory double jeopardy defense or claim regarding such forfeiture;

(c)  Any claim or defense to such forfeiture brought or raised under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine; and any right he may have to an appeal of any resulting order of forfeiture regarding the Personal Property.

14. The defendant knowingly and voluntarily agrees and understands that the forfeiture

---

[1] Title 18, United States Code, Section 981(a)(1)(C), is made applicable to this criminal case pursuant to Title 28, United States Code, Section 2461(c).

[2] The United States acknowledges and shall abide by the Court's December 6, 2017, ruling, wherein the Court, by agreement of the parties, ordered $4,697.21 (US) in legal costs to be reimbursed to the firm of defense attorney Marshall Louis, Esq., Sinclair, Louis, and Zavertnik P.A., from the policies.

of the Personal Property agreed upon herein shall <u>not</u> be treated as satisfaction (either partial or full) of any assessment, fine, restitution, cost of imprisonment, or any other penalty that the Court may impose upon the defendant in addition to the forfeiture. The defendant also agrees to assist this Office in all proceedings, administrative or judicial, involving forfeiture to the United States of any property, including the Personal Property, regardless of its nature or form, real or personal, which the defendant or others known to the defendant, have accumulated because of illegal activities. The assistance shall include identification of any property subject to forfeiture, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the transfer of such property to the United States by delivery to this Office upon this Office's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property.

[THIS SECTION INTENTIONALLY LEFT BLANK]

15. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 01/23/24      By: _____
Alejandra L. López
ASSISTANT UNITED STATES ATTORNEY

Date: 01/23/24      By: _____
Brooke Watson
ASSISTANT UNITED STATES ATTORNEY

Date: 1/23/24       By: _____
Richard Klugh, Esquire
ATTORNEY FOR DEFENDANT

Date: 1/23/24       By: _____
Victor Ramirez
DEFENDANT